# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03311-SKC-SBP

AMERICAN TOWERS LLC,
SPECTRASITE COMMUNICATIONS, LLC, and
INSITE WIRELESS GROUP, LLC,

       Plaintiffs,

v.

DISH WIRELESS L.L.C.

       Defendant.

---

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

---

Defendant DISH Wireless L.L.C. ("Defendant"), by and through its undersigned attorneys, submits this Answer ("Answer") to the Complaint for Declaratory Judgment, ECF No. 1 ("Complaint") filed by Plaintiffs American Towers LLC, SpectraSite Communications, LLC, and InSite Wireless Group LLC ("Plaintiffs"). Unless otherwise stated, capitalized terms herein have the same meaning as in the Complaint. To the extent Defendant uses terms in this Answer defined in the Complaint, that use is not an acknowledgment or admission of any characterization Plaintiffs may have ascribed to such defined terms.

No response is required to the various headings, subheadings and footnotes throughout the Complaint. To the extent that responses are required to such headings, subheadings and footnotes, they are denied. To the extent that any allegation is not specifically admitted, it is denied.

1

To avoid any doubt, Defendant denies each and every allegation in the Complaint except as specifically admitted herein.  Throughout the Complaint, Plaintiffs have cited press releases, public statements, and public filings as purported evidentiary support for their factual allegations.  In referring to these documents in response to specific allegations, Defendant does not concede that Plaintiffs have accurately described the documents or admit to the accuracy of any statements contained in those documents.

Defendant reserves the right to challenge the relevance and admissibility of the allegations and all sources and documents referred to or purportedly quoted in the Complaint.  Defendant further reserves the right to amend and/or supplement this Answer.

Subject to the foregoing, as and for their answer to the Complaint, Defendant answers as follows:

## SUMMARY OF ACTION

1.      Paragraph 1 contains legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2.      Defendant admits the allegations in the first two sentences of Paragraph 2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 2, and therefore denies them.

3.      Defendant denies the allegations in Paragraph 3, except admits that: (i) EchoStar Corporation is Defendant's parent company, (ii) as a result of the FCC's unprecedented and unforeseeable actions, which were unrelated to any of EchoStar's or Defendant's obligations to the FCC, EchoStar Corporation and certain of EchoStar Corporation's subsidiaries that own the spectrum licenses at issue (which do not include Defendant) (collectively, "EchoStar") were forced

2

to negotiate the sale of certain spectrum licenses to AT&T, which sale was announced on August 26, 2025, and the sale of certain spectrum licenses and MSS Authorizations to SpaceX, which sales were announced on September 8, 2025 and November 6, 2025, and (iii) the Transactions are subject to certain closing conditions, including regulatory approval.

4.      Defendant denies the allegations in Paragraph 4, except admits that EchoStar was forced to enter into the Transactions as a result of the unforeseen and unprecedented actions by the FCC indicating its intent to terminate the relevant licenses and authorizations related to EchoStar's spectrum.

5.      Defendant denies the allegations in Paragraph 5, except admits that on September 24, 2024, DISH delivered a notice under the SCA of the events described therein to American Tower.  Paragraph 5 purports to quote and characterize the September 24 Notice, and Defendant refers to the notice, attached to the Complaint as Exhibit B, for its full contents, but denies any characterization that is inconsistent with that document.

6.      Paragraph 6 contains legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 7, except admits that the parties entered into the SCA in March 2021. Paragraph 7 purports to characterize the SCA, and Defendant refers to the SCA, attached to the Complaint as Exhibit A, for its full contents, but denies any characterization that is inconsistent with that document.

8.    Defendant denies the allegations in Paragraph 8, except admits that the SCA is a contract between DISH and American Tower.  Paragraph 8 purports to characterize the SCA, and Defendant refers to the SCA for its full contents, but denies any characterization that is inconsistent with that document.

9.    Defendant denies the allegations in Paragraph 9, except admits that: ███████

████████████████████████████████████████

████████████████████████████████████████

Paragraph 9 purports to characterize the SCA, and Defendant refers to the SCA for its full contents, but denies any characterization that is inconsistent with that document.

10.    Defendant denies the allegations in Paragraph 10, except admits that ████

████████████████████████████████████████

████████  Defendant refers to the SCA for its full contents, but denies any characterization that is inconsistent with that document.

11.    Defendant denies the allegations in Paragraph 11, except admits that Plaintiffs purport to characterize the SCA, and Defendant refers to the SCA for its full contents, but denies any characterization thereof that is inconsistent with that document.

12.    Defendant denies the allegations in Paragraph 12.

13.    The allegations in Paragraph 13 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14.    The allegations in Paragraph 14 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in

Paragraph 14, and avers that the FCC's unprecedented action in requiring EchoStar to divest the spectrum licenses at issue or face license forfeiture was unforeseeable or unanticipated by the parties.

15.    Defendant denies the allegations in Paragraph 15, except admits that Plaintiffs purport to quote and characterize the public statements referenced therein, and Defendant refers to those public statements for their full contents, but denies any characterization thereof that is inconsistent with those public statements.

16.    The allegations in Paragraph 16 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 16, except admits that Plaintiffs purport to quote and characterize the September 24 Notice and the public statements referenced therein, and Defendant refers to the September 24 Notice and those public statements for their full contents, but denies any characterization thereof that is inconsistent with that document and public statements.

17.    Defendant denies the allegations in Paragraph 17, except admits that Defendant is not a party to the Transactions, does not own and never owned the spectrum licenses at issue, and is not entitled to receive any of the proceeds of the Transactions at closing.  Defendant further admits that Plaintiffs purport to quote and characterize the September 24 Notice, the SCA, and public statements referenced therein, and Defendant refers to the September 24 Notice, the SCA, and those public statements for their full contents, but denies any characterization thereof that is inconsistent with those documents and public statements.

18.     The allegations in Paragraph 18 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 19.

## PARTIES, JURISDICTION, AND VENUE

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies them.

23.     Defendant admits the allegations in Paragraph 23, except denies that non-party DISH DBS Corporation is a member of Defendant.

24.     Defendant admits that non-party EchoStar Corporation is a Nevada corporation that is headquartered in Englewood, Colorado and is the ultimate parent of Defendant DISH.

25.     The allegations in Paragraph 25 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant states that it does not contest that this Court has jurisdiction over this action.

26.     The allegations in Paragraph 26 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 26, except admits that American Tower is bringing an action for declaratory judgment.

27.     The allegations in Paragraph 27 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant states that it does not contest that this Court may exercise personal jurisdiction over the Defendant.

28.     The allegations in Paragraph 28 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant states that it maintains its principal place of business in Englewood, Colorado and does not contest that venue in this Court is proper.

## FACTUAL ALLEGATIONS

I.     **DISH ANNOUNCED AMBITIOUS 5G COMMITMENTS IN 2019.**

30.     Defendant denies the allegations in Paragraph 30, except admits that Defendant is an operating subsidiary of EchoStar Corporation focused on a 5G mobile network.

31.     Defendant denies the allegations in Paragraph 31, except admits that since at least 2019, DISH Network Corporation had planned, through its wholly-owned subsidiary DISH Wireless L.L.C., and certain of its subsidiaries, to deploy a nationwide, first-of-its-kind cloud-native Open Radio Active Network-based 5G network.  Paragraph 31 purports to quote and characterize the public statement referenced therein, and Defendant refers to that public

7

statement for its full contents, but denies any characterization thereof that is inconsistent with that public statement

32. Defendant denies the allegations in Paragraph 32, except admits that, since 2008, EchoStar acquired a portfolio of spectrum licenses, invested over $30 billion in spectrum licenses and related assets, and made public commitments to the FCC regarding network buildout.

33. Defendant denies the allegations in Paragraph 33, except admits that in July 2020, DISH Network Corporation acquired Boost Mobile from Sprint Corporation for $1.4 billion, and that Boost Mobile is a wireless carrier that offers prepaid and postpaid mobile phone plans.

34. Defendant denies the allegations in Paragraph 34, except admits that American Tower leased physical infrastructure to Defendant to operate the Boost Mobile wireless network. Defendant further admits that Paragraph 34 purports to quote and characterize the public statements and regulatory filings referenced therein, and Defendant refers to those public statements and regulatory filings for their full contents, but denies any characterization thereof that is inconsistent with those documents and public filings.

## II. AMERICAN TOWER AND DISH ENTER INTO THE STRATEGIC COLLOCATION AGREEMENT.

35. Defendant denies the allegations in Paragraph 35, except admits that Defendant required wireless tower space to host equipment to transmit signals to the Boost Mobile wireless network.

36. Defendant denies the allegations in Paragraph 36, except admits that Defendant leased space to house telecommunications equipment pursuant to certain written agreements, and

8

refers to those written agreements for their full contents, but denies any characterization thereof that is inconsistent with those documents.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies them, except admits that American Tower leased physical infrastructure to Defendant to operate a wireless network.

38.     Defendant denies the allegations in Paragraph 38, except admits that on March █ 2021, Defendant entered into the SCA, and refers to the SCA for its full contents, but denies any characterization thereof that is inconsistent with that document.  Defendant further admits that a copy of the SCA is attached to the Complaint as Exhibit A, and that ████████████████████ ███████

39.     Defendant admits the allegations in Paragraph 39.

40.     Defendant denies the allegations in Paragraph 40, except admits that Plaintiffs purport to characterize the SCA, and Defendant refers to the SCA for its full contents, but denies any characterization thereof that is inconsistent with that document.

41.     Defendant denies the allegations in Paragraph 41, except admits that Plaintiffs purport to characterize the SCA, and Defendant refers to the SCA for its full contents, but denies any characterization thereof that is inconsistent with that document.

42.     The allegations in Paragraph 42 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiffs purport to characterize the SCA, and Defendant refers to the SCA for its full contents, but denies any characterization thereof that is inconsistent with that document.

43.     The allegations in Paragraph 43 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in the first sentence of Paragraph 43.  The second sentence of Paragraph 43 purports to characterize the SCA, and Defendant refers to the SCA for its full contents, but denies any characterization thereof that is inconsistent with that document.

44.     Defendant denies the allegations in Paragraph 44, except admits that to the extent it purports to characterize the SCA, Defendant refers to the SCA for its full contents, but denies any characterization thereof that is inconsistent with that document.

45.     The allegations in Paragraph 45 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 45, except admits that Plaintiffs purport to characterize the SCA, and Defendant refers to the SCA for its full contents, but denies any characterization thereof that is inconsistent with that document.

46.     The allegations in Paragraph 46 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 46, except admits that Plaintiffs purport to quote and characterize the SCA, and Defendant refers to the SCA for its full contents, but denies any characterization thereof that is inconsistent with that document.

47.     The allegations in Paragraph 47 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 47, except admits that Plaintiffs purport to quote and characterize the SCA, and

Defendant refers to the SCA for its full contents, but denies any characterization thereof that is inconsistent with that document.

48.    Defendant denies the allegations in Paragraph 48, except admits that Plaintiffs purport to quote and characterize the SCA, and Defendant refers to the SCA for its full contents, but denies any characterization thereof that is inconsistent with that document.

49.    The allegations in Paragraph 49 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 49.

50.    The allegations in Paragraph 50 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 50.  Defendant admits that Plaintiffs purport to quote and characterize the SCA, and Defendant refers to the SCA for its full contents, but denies any characterization thereof that is inconsistent with that document.

51.    The allegations in Paragraph 51 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiffs purport to quote and characterize the SCA, and Defendant refers to the SCA for its full contents, but denies any characterization thereof that is inconsistent with that document.

52.    The allegations in Paragraph 52 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 52.

III.     **DISH'S BUILDOUT FAILS TO MEET MILESTONES, AND DISH MERGES WITH ECHOSTAR.**

53.    Defendant denies the allegations in Paragraph 53, except admits that the SCA provided Defendant the right to deploy equipment on up to ███ Tower Facilities nationwide, ████████████████████████████████████████████

54.    Defendant denies the allegations in Paragraph 54, except admits that Plaintiffs purport to quote and characterize the public filings referenced therein, and Defendant refers to those public filings for their full contents, but denies any characterization thereof that is inconsistent with those public filings.

55.    Defendant denies the allegations in Paragraph 55, except admits that on August 8, 2023, DISH Network Corporation announced a merger transaction with EchoStar Corporation, and that the merger closed on December 31, 2023, making Defendant a wholly-owned subsidiary of EchoStar Corporation.   Defendant further admits that Plaintiffs purport to quote and characterize the public statement referenced therein, and Defendant refers to those public statement for their full contents, but denies any characterization thereof that is inconsistent with those public statements.

56.    Defendant denies the allegations in Paragraph 56, except admits that: (i) on January 10, 2024, DISH Network Corporation transferred equity of certain wholly-owned subsidiaries that held certain assets, including AWS-4, H-Block, CBRS, C-Bank, 12GHz, LMDS, 24 GHz, 28 GHz, 37GHz, 39GHz, and 47GHz spectrum licenses, to EchoStar Wireless Holding L.L.C., a direct subsidiary of EchoStar Corporation, and (ii) on March 12, 2024, DISH Network Corporation sold its wholly-owned subsidiary that held the 700 MHz spectrum to a wholly-owned subsidiary of

EchoStar Corporation, for approximately $1 billion.  Defendant further avers that none of the subsidiaries referenced in the preceding sentence were owned by Defendant at any point in time.

**IV.    THE FCC INITIATES AN INQUIRY INTO SPECTRUM LICENSES HELD BY ECHOSTAR, AND ECHOSTAR DECIDES TO SELL CERTAIN SPECTRUM LICENSES TO AT&T AND SPACEX.**

57.    Defendant denies the allegations in Paragraph 57, except admits that on May 9, 2025, FCC Chairman Brendan Carr wrote to EchoStar Corporation's Chairman, Charles Ergen. Defendant further admits that Plaintiffs purport to quote and characterize that May 9, 2025 letter, and Defendant refers to that letter for its full contents, but denies any characterization thereof that is inconsistent with that document.

58.    Defendant denies the allegations in paragraph 58, except admits that: (i) Mr. Ergen provided a public statement that was included in EchoStar Corporation's Form 8-K dated May 13, 2025, and refers to that written statement for its complete contents, but denies any characterization thereof that is inconsistent with that document, (ii) on May 27, 2025, EchoStar Corporation filed comments on the FCC's public notices, and Defendant refers to those written statements for their complete contents, but denies any characterization thereof that is inconsistent with those statements, and (iii) on June 6, 2025, EchoStar Corporation filed reply comments in FCC Dockets Nos. 25-173 and 22-212, and Defendant refers to those written statements for their complete contents, but denies any characterization thereof that is inconsistent with those statements.

59.    Defendant denies the allegations in Paragraph 59.

60.    Defendant admits the allegations in Paragraph 60.

61.    Defendant denies the allegations in Paragraph 61, except admits that: (i) on September 8, 2025, EchoStar Corporation publicly announced that it had entered into an agreement

to sell SpaceX certain spectrum licenses, (ii) the SpaceX Transaction is subject to regulatory approval, and (iii) EchoStar Corporation publicly disclosed that on September 8, 2025 FCC Chairman Brendan Carr sent a follow-up letter to Mr. Ergen, stating that the FCC Chairman had directed the staff of the FCC to terminate the agency's investigation of EchoStar Corporation as set forth in the FCC's May 9, 2025 letter. Defendant further admits that Plaintiffs purport to quote and characterize the public statements referenced therein, and Defendant refers to those public statements for their complete contents, but denies any characterization thereof that is inconsistent with those public statements.

62.     Defendant denies the allegations in Paragraph 62, except admits that EchoStar entered into the Transactions as a result of the unforeseen and unprecedented actions by the FCC, which communicated to EchoStar Corporation its intent to terminate the licenses and authorizations related to the relevant spectrum if EchoStar Corporation did not divest them. Defendant further admits that Plaintiffs purport to quote and characterize the public statements referenced therein, and Defendant refers to those public statements for their full contents, but denies any characterization thereof that is inconsistent with those public statements.

63.     The allegations in Paragraph 63 are legal arguments or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 63, except admits that Plaintiffs purport to quote and characterize the public statements referenced therein, and Defendant refers to those public statements for their full contents, but denies any characterization thereof that is inconsistent with the public statements.

64.     Defendant denies the allegations in Paragraph 64, except admits that: (i) following the Transactions, EchoStar will hold certain remaining spectrum assets, (ii) Boost Mobile is

14

transitioning to a hybrid mobile network operator ("MNO") business model under which primary connectivity will be provided by AT&T's towers, and (iii) Plaintiffs purport to quote and characterize the public statements referenced therein, and Defendant refers to those public statement for their full contents, but denies any characterization thereof that is inconsistent with those public statements.

65.    Defendant denies the allegations in Paragraph 65, except admits that, as a result of the FCC's unforeseen and unprecedented actions and the resulting Transactions, EchoStar was forced to reduce its network deployment workforce, with the majority of impacted employees notified on August 28, 2025.  Defendant further admits that Plaintiffs purport to quote and characterize the public statement referenced therein, and Defendant refers to that public statement for its full contents, but denies any characterization thereof that is inconsistent with that public statement.

## V.    DISH INVENTS CONTRIVED EXCUSES TO ATTEMPT TO EVADE ITS OBLIGATIONS UNDER THE SCA.

66.    Defendant denies the allegations in Paragraph 66.

67.    Defendant denies the allegations in Paragraph 67, except admits that on September 24, 2025, Defendant sent American Tower a notice, attached to the Complaint as Exhibit B, and Defendant refers to this notice for its full contents, but denies any characterization thereof that is inconsistent with that document.

68.    The allegations in Paragraph 68 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 69, except admits that Plaintiffs purport to quote and characterize the SCA, and Defendant refers to the SCA for its full contents, but denies any characterization thereof that is inconsistent with that document.

70.     Defendant denies the allegations in Paragraph 70, except admits that Plaintiffs purport to quote and characterize the public statements referenced therein, and Defendant refers to those statements for their full contents, but denies any characterization thereof that is inconsistent with those public statements.

71.     The allegations in Paragraph 71 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 71, except admits that Plaintiffs purport to quote and characterize the September 24 Notice and the certain public statements referenced therein, and Defendant refers to those sources for their full contents, but denies any characterization thereof that is inconsistent with those public statements and document.

72.     The allegations in Paragraph 72 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 72, except admits that Defendant is not a party to the Transactions, does not own and never owned the spectrum licenses at issue, and is not entitled to receive any of the spectrum sale proceeds at closing.  Defendant further admits that Plaintiffs purport to quote and characterize the September 24 Notice and the public statements referenced therein, and Defendant refers to those

sources for their full contents, but denies any characterization thereof that is inconsistent with those public statements and document.

73.    The allegations in Paragraph 73 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 73.

74.    Defendant denies the allegations in Paragraph 74, except admits that on September 26, 2025 American Tower responded by letter to the September 24 Notice requesting a response by September 30, 2025, and Defendant refers to that September 26 letter, attached to the Complaint as Exhibit C, for its full contents, but denies any characterization thereof that is inconsistent with that document.

75.    Defendant denies the allegations in Paragraph 75, except admits that on September 30, 2025, Defendant sent a letter to American Tower confirming receipt of the September 26, 2025 letter and advising that Defendant intended to provide a response to the September 26, 2025 letter later that week, and Defendant refers to that September 30, 2025 letter for its full contents, but denies any characterization thereof that is inconsistent with that document.

76.    Defendant denies the allegations in Paragraph 76, except admits that Defendant sent a letter to American Tower on October 3, 2025, and Defendant refers to that letter, attached to the Complaint as Exhibit D, for its full contents, but denies any characterization thereof that is inconsistent with that document.

77.    Defendant denies the allegations in Paragraph 77, except admits that American Tower sent Defendant a letter on October 3, 2025, and Defendant refers to that response, attached

to the Complaint as Exhibit E, for its full contents, but denies any characterization thereof that is inconsistent with that document.

78.     Defendant admits the allegations in Paragraph 78.

79.     The allegations in Paragraph 79 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 79.

80.     The allegations in Paragraph 80 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 80.

81.     The allegations in Paragraph 81 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant states that it does not contest that the Court can resolve the controversy alleged in the Complaint by issuing a declaratory judgment determining the rights, obligations, and liabilities of the parties. Defendant denies Plaintiffs' characterization of the controversy throughout the Complaint.

83.     The allegations in Paragraph 83 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 83.

18

## DECLARATORY JUDGMENT
### (COUNT I)

84.     Defendant incorporates by reference herein its responses to the preceding paragraphs of the Complaint.

85.     Defendant admits the allegations in Paragraph 85.

86.     Defendant admits the allegations in Paragraph 86.

87.     Defendant admits the allegations in Paragraph 87 that on September 24, 2025, Defendant sent American Tower the September 24 Notice, and Defendant refers to the notice, attached to the Complaint as Exhibit B, for its full contents, but denies any characterization thereof that is inconsistent with that document.

88.     Defendant denies the allegations in Paragraph 88, except admits that on September 26, 2025, American Tower sent a letter responding to Defendant's September 24, 2025 notice, and Defendant refers to that letter, attached to the Complaint as Exhibit C, for its full contents, but denies any characterization thereof that is inconsistent with that document.

89.     Defendant denies the allegations in Paragraph 89, except admits that on September 30, 2025, Defendant sent American Tower a letter advising that it would respond to the September 26, 2025 letter later that week, and Defendant refers to that letter for its full contents, but denies any characterization thereof that is inconsistent with that document.

90.     Defendant denies the allegations in Paragraph 90, except admits that on October 3, 2025, Defendant sent a letter in further response to American Tower's September 26, 2025, letter, and Defendant refers to that letter, attached to the Complaint as Exhibit D, for its full contents, but denies any characterization thereof that is inconsistent with that document.

91.     Defendant denies the allegations in Paragraph 91, except admits that Plaintiffs purport to characterize the letter referenced therein, attached to the Complaint as Exhibit E, and Defendant refers to the letter for its complete contents, but denies any characterization thereof that is inconsistent with that document.

92.     Defendant admits the allegations in Paragraph 92.

93.     The allegations in Paragraph 93 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 93.

94.     The allegations in Paragraph 94 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 94, except admits that, as of the date of the Complaint the parties' respective positions with respect to the SCA are as set forth in their correspondence leading up to the complaint, and Defendant refers to those letters for their complete contents, but denies any characterization thereof that is inconsistent with those documents.

95.     The allegations in Paragraph 95 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 95.

96.     The allegations in Paragraph 96 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 96.

## PRAYER FOR RELIEF

97.     Paragraph 97 consists of Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 97. Defendant further denies that Plaintiffs are entitled to any relief.

## GENERAL DENIALS

Except as otherwise expressly admitted in Paragraphs 1 through 97, Defendant denies each and every allegation contained in Paragraphs 1 through 97 of the Complaint, including, without limitation, the headings, subheadings, subparts, and footnotes contained therein, and specifically denies liability to Plaintiffs, or that Plaintiffs suffered any legally cognizable damages for which Defendant is responsible.  Defendant expressly reserves the right to amend and/or supplement its Answer.

With respect to the Paragraphs in the Complaint in which Plaintiffs pray for damages or other relief, Defendant denies that Plaintiffs are so entitled under the law.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses.  In asserting these defenses, Defendant does not assume the burden with respect to any issue as to which applicable law places the burden on Plaintiffs.  Defendant reserves the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.  The SCA does not require Defendant to continue making

payments for tower space that has become unusable as a direct result of the FCC's unprecedented and unforeseeable regulatory actions, which were unrelated to any of EchoStar's or Defendant's obligations to the FCC and which compelled the involuntary sale and loss of the necessary spectrum licenses essential to Defendant's wireless network operations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the FCC's actions and the resulting forced sale and loss of the relevant spectrum licenses made it impossible and/or commercially impracticable for Defendant to perform its obligations under the SCA.  The forced sale and loss of those licenses resulted from unforeseeable and unprecedented governmental action outside Defendant's control and unrelated to any of EchoStar's or Defendant's obligations to the FCC, and not due to any act or omission by Defendant.  Accordingly, Defendant's performance is excused under the doctrines of impossibility and/or impracticability.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the unforeseeable and unprecedented actions of the FCC, and the resulting forced sale of spectrum licenses,  These government actions were unforeseeable and unprecedented, beyond DISH's control, and unrelated to any of EchoStar's or Defendant's obligations to the FCC.  The FCC's actions directly prevented performance under the SCA,

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the principal purpose of the SCA—enabling DISH to operate a nationwide wireless network using specific spectrum

licenses—has been substantially frustrated by the FCC's unprecedented and unforeseeable regulatory actions, which were unrelated to any of EchoStar's or Defendant's obligations to the FCC and which compelling the involuntary sale and loss of the spectrum licenses. These government actions were unforeseeable, unprecedented and beyond Defendants' control, and the non-occurrence of these government actions was a basic assumption on which the SCA was made, thereby excusing or discharging Defendant's obligations under the SCA, in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the consideration for the SCA—access to tower space for the operation of a wireless network using specific spectrum licenses—has failed as a direct and unforeseeable results of the FCC's unforeseeable and unprecedented actions, which were unrelated to any of EchoStar's or Defendant's obligations to the FCC, and the resulting involuntary sale and loss of those licenses. As such, any obligation to continue performance under the SCA is discharged.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs seek to enforce the SCA in a manner that would require Defendant to pay for tower space it cannot use due to the involuntary sale of spectrum licenses through no fault of its own, and because Defendant is not a party to the Transactions, does not own and never owned the spectrum licenses at issue, and is not entitled to receive any of the spectrum sale proceeds at closing. Under the extraordinary circumstances created by the FCC's actions and the compelled sale and loss of the spectrum licenses, such enforcement would be inequitable and contrary to the parties' reasonable expectations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not take reasonable

steps to prevent, reduce and/or mitigate any damage, harm or injury.

WHEREFORE, Defendant respectfully requests that the Court enter judgment:

A.    In favor of Defendant and against Plaintiffs;

B.    Denying all claims for relief asserted by Plaintiffs;

C.    Awarding Defendant costs, including attorneys' fees; and

D.    Granting such other and further relief as the Court may deem just and proper.

Dated:   December 8, 2025                 Respectfully submitted,
         Denver, Colorado

*/s/ Jacob A. Rey*
Hugh Q. Gottschalk                        **WHITE & CASE LLP**
Jacob A. Rey                              Glenn M. Kurtz
Wheeler Trigg O'Donnell LLP               Joshua D. Weedman
370 17th Street, Suite 4500               Robert E. Tiedemann
Denver, CO 80202                          Camille M. Shepherd
(303) 244-1858                            1221 Avenue of the Americas
(303) 244-1877                            New York, N.Y. 10020-1095
gottschalk@wtotrial.com                   (212) 819-8200
rey@wtotrial.com                          gkurtz@whitecase.com
                                          jweedman@whitecase.com
*Attorneys for Defendant DISH Wireless*   rtiedemann@whitecase.com
*L.L.C.*                                  camille.shepherd@whitecase.com

                                          *Counsel to Defendant DISH Wireless*
                                          *L.L.C.*

24

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on December 8, 2025, a true and correct copy of the foregoing

document was e-filed and served through the CM/ECF system which will service notice on all

counsel of record in this case.

*/s/Jacob A. Rey* _____