# Defendant's Exhibit B

SO ORDERED BY COURT
02/11/2026

| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, STATE OF COLORADO Denver City & County Building 1437 Bannock St., Room 256 Denver, CO 80202 | DATE FILED February 11, 2026 12:46 PM CASE NUMBER: 2025CV34300 ▲ COURT USE ONLY ▲ SARAH BLOCK WALLACE District Court Judge |
| **Plaintiff:** ZAYO GROUP, LLC, v. **Defendant:** DISH WIRELESS L.L.C. | Case Number:  2025CV34300 Division:  209 |
| **Plaintiffs:** DIAMOND TOWERS II LLC, DIAMOND TOWERS IV LLC, DIAMOND TOWERS V LLC, CAPITAL TELECOM HOLDINGS II LLC, DCHSCU ACQUISITION HOLIDINGS, LLC, A DIAMOND INFRA LLC, B DIAMOND INFRA LLC, C DIAMOND INFRA LLC, AND D DIAMOND INFRA LLC, v. **Defendant:** DISH WIRELESS L.L.C. | Case Number:  2026CV30222 Division:  424 |
| **ORDER GRANTING MOTION TO CONSOLIDATE RELATED CASES** | |

THIS MATTER comes before the Court on Non-Parties' Diamond Towers II LLC, Diamond Towers IV LLC, Diamond Towers V LLC, Capital Telecom Holdings LLC, Capital Telecom Holdings II LLC, DCHSCU Acquisition Holdings, LLC, A Diamond Infra LLC, B Diamond Infra LLC, C Diamond Infra LLC, and D Diamond Infra LLC's Motion to Consolidate Related Cases, filed on February 6, 2026 in case number 2025CV34300 (the "Motion").  Having

reviewed the Motion, the response, the reply, the file, and applicable law and authority, the Court

finds, and concludes as follows:

## BACKGROUND

In 2025CV34300 (assigned to Ctrm. 209, filed November 26, 2025), Plaintiff Zayo Group,

LLC ("Zayo") filed a complaint in which Zayo is seeking a declaration that DISH Wireless L.L.C.

("DISH") has not been excused from performing its obligations under a Master Services

Agreement, that the decision of DISH's parent company to sell certain spectrum licenses did not

constitute a force majeure event under the parties' contract, and that the contract remains in full

force and effect.

In 2026CV30222 (assigned to Ctrm. 424, filed on January 19, 2026), captioned *Diamond

Towers II, LLC v. DISH Wireless L.L.C.* (the "Diamond Action"), Plaintiffs Diamond Towers II

LLC, Diamond Towers IV LLC, Diamond Towers V LLC, Capital Telecom Holdings LLC,

Capital Telecom Holdings II LLC, DCHSCU Acquisition Holdings, LLC, A Diamond Infra LLC,

B Diamond Infra LLC, C Diamond Infra LLC, and D Diamond Infra LLC (collectively, the

"Diamond Entities") also filed a complaint seeking declaratory relief.  Similar to the Zayo

complaint, the complaint filed by the Diamond Entities seeks a declaration that DISH has not been

excused from performing its obligations under the parties' contracts, that the decision of DISH's

parent company to sell certain spectrum licenses did not constitute a force majeure event under the

contracts, and that the contracts remain in full force and effect.

In addition, in both actions, the plaintiffs allege that contrary to the position taken by DISH,

the Federal Communications Commission did not order or otherwise require DISH's parent

company to sell its spectrum licenses.

The Diamond Entities filed a Motion to Consolidate under C.R.C.P. 42(a) in case 2025CV34300.

For the following reasons, the Motion is **GRANTED**.

**APPLICABLE LAW**

C.R.C.P. 42(a) states:

> **(a) Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The question of consolidation is reserved to the trial court's sound discretion. *National Farmers Union Property and Cas. Co. v. Frackelton*, 650 P.2d 571, 572 (Colo. App. 1982). A trial court's order consolidating matters will not be disturbed on review absent a clear showing of abuse of discretion. *Duhon v. Nelson*, 126 P.3d 262, 264–65 (Colo. App. 2005).

**ANALYSIS**

In both this action and the related Diamond Action, DISH is relying on the same underlying facts in an attempt to terminate its contractual obligations with Zayo and the Diamond Entities under the doctrines of force majeure, impossibility and frustration of purpose. It is therefore in the interests of litigation efficiency and judicial economy for this action and the related Diamond Action to be consolidated.

Furthermore, the Court finds neither party will be prejudiced by consolidation. No discovery has occurred in either case.

3

Both cases will proceed as Consolidated 2025CV34300 in Division 209.


DATED this _____ day of _____, 2026.


                                        BY THE COURT:


                                        _____
                                        DISTRICT COURT JUDGE

4