**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: DISH WIRELESS L.L.C. COMMUNICATION**
**TOWERS CONTRACT LITIGATION**                                          MDL No. 3182

**ORDER DENYING TRANSFER**

**Before the Panel**:*  Defendant DISH Wireless L.L.C. moves under 28 U.S.C. § 1407 to centralize this litigation in the District of Colorado.  This litigation consists of seven actions pending in five districts, as listed on Schedule A.[1]  The parties have notified the Panel of eight related actions pending in six districts.

All responding plaintiffs oppose centralization.  Plaintiffs in the Western District of New York *SBA Telecommunications* action alternatively suggest centralization in a district in New York.  Plaintiff in one of the related actions, Comcast Business Communications, LLC, alternatively requests that, if we centralize this litigation, we separate and remand its tortious interference claim against EchoStar Corporation.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  These actions arise from sales in 2025 by EchoStar, DISH's parent company, of spectrum licenses that had been intended for use in creating a nationwide wireless network.  DISH subsequently declared force majeure with respect to various contracts with owners and operators of communications towers and providers of network equipment and services.  While there are some common factual questions presented by this litigation, particularly with respect to the question of whether EchoStar's sale of its spectrum assets was compelled by the Federal Communications Commission (FCC), we are persuaded that centralization is not necessary or appropriate here.

---

* Certain Panel members have interests that normally would disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter.  Accordingly, the Panel invoked the Rule of Necessity, and all Panel members present participated in the decision of this matter to provide the forum created by the governing statute, 28 U.S.C. § 1407.  *See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig. (No. II)*, 273 F. Supp. 2d 1353, 1354 n.* (J.P.M.L. 2003); *In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 170 F. Supp. 2d 1356, 1357–58 (J.P.M.L. 2001).  Judges Karen K. Caldwell and Madeline Cox Arleo were not present and did not participate in the decision of this matter.

[1] An eighth action on the motion was voluntarily dismissed.

- 2 -

The limited factual overlap among these actions is overshadowed by numerous case-specific factual and legal questions.  These actions involve different contracts, with different terms, between different counterparties, which are subject to different state laws and were entered into at different times (ranging from 2020 to 2025), and address different services and goods (ranging from space on cellular towers to space in smaller equipment cages to fiber connectivity to network and installation services).  The amounts at issue similarly range from the low six-figures to the billions.  The contracts have differing terms with respect to DISH's anticipated defenses of frustration of purpose, impossibility, and force majeure.  Some contracts, for instance, address whether certain actions by the FCC can constitute a force majeure.  The bulk of any discovery is likely to focus on case-specific issues, such as the negotiations between the parties to each contract. We are not persuaded that centralized proceedings will serve the convenience of the parties and witnesses.

Any centralized proceeding also would be complicated by numerous confidentiality issues. Several of the complaints in this litigation are subject to protective orders restricting access to alleged competitively sensitive information contained in the contracts and case documents that cite those contracts.  Centralization of these actions involving competitors likely will result in unnecessary complexity and delay.  *See, e.g.*, *In re CP4 Fuel Pump Mktg., Sales Pracs., & Prods. Liab. Litig.*, 412 F. Supp. 3d 1365, 1367 (J.P.M.L. 2019) ("[C]entralizing competing defendants in the same MDL likely would complicate case management due to the need to protect trade secret and confidential information.").

We have often stated that "centralization under Section 1407 should be the last solution after considered review of all other options."  *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011).  This litigation involves only fifteen actions (including the related actions noticed after the Section 1407 motion was filed).  Although DISH argues that additional actions are likely, the Panel generally is "disinclined to take into account the mere possibility of future filings in our centralization calculus."  *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 959 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013).  While there may be some factual overlap with respect to EchoStar's sale of the spectrum licenses and its interaction with the FCC, the contract claims in these actions are not particularly complex.  We are confident the parties and the courts can coordinate their efforts to avoid any potential duplication or overlap in pretrial proceedings.  DISH has not demonstrated that centralization is the best course for this litigation.

- 3 -

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.


PANEL ON MULTIDISTRICT LITIGATION


_____

Matthew F. Kennelly
Acting Chair

David C. Norton                     Dale A. Kimball
M. Casey Rodgers

**IN RE: DISH WIRELESS L.L.C. COMMUNICATION
TOWERS CONTRACT LITIGATION**                    MDL No. 3182


## SCHEDULE A


<u>Central District of California</u>

ROYAL GROUP PLAZA, LLC v. DISH WIRELESS L.L.C., C.A. No. 2:26−01092
SEIDNER PROPERTIES, LP v. DISH WIRELESS L.L.C., C.A. No. 8:26−00082


<u>District of Colorado</u>

AMERICAN TOWERS LLC., ET AL. v. DISH WIRELESS L.L.C.,
     C.A. No. 1:25−03311
AIRCOMM OF AVON, L.L.C., ET AL. v. DISH WIRELESS L.L.C.,
     C.A. No. 1:25−03756


<u>Eastern District of New York</u>

DATAVERGE LLC v. DISH WIRELESS L.L.C., C.A. No. 1:26−01168


<u>Southern District of New York</u>

SABRE INDUSTRIES, INC. v. DISH WIRELESS LEASING L.L.C.,
     C.A. No. 1:26−00209


<u>Western District of New York</u>

SBA TELECOMMUNICATIONS, LLC, ET AL. v. DISH WIRELESS L.L.C.,
     C.A. No. 1:26−00218